In re Estate of Craig: McCallister, Appellant, *v.* Craig, Exr., Appellee. (Two cases.)

(Nos. 215 and 216—Decided November 8, 1965.)

*Mr. Paul Pusateri,* for appellant.
*Mr. Walter E. Schutt,* for appellee.

Long, J.   Both of these cases and the questions involved arise out of the administration of the estate of John A. Craig, deceased.   The executor of the estate, Edgar E. Craig, is the son of the deceased.   Dorothy McCallister, daughter of the deceased, makes claim that her brother, as executor of their father's estate, is guilty of negligence for not having invested estate funds, contrary to Section 2109.41 of the Revised Code; and that, as a result thereof, her brother should personally reimburse the estate for loss of interest.

In the original case, No. 215, the Probate Court found against the sister on her claim of negligence for failure to invest funds.   The record discloses that there were various hearings with reference to the inventory and schedule of claims; that just five days prior to the expiration of the six months' statute of limitations for the filing thereof a suit to set aside the will was filed; and that an action was also filed to set aside certain deeds.

We see nothing unreasonable on the part of the executor, under these circumstances, in not having deposited the funds of the estate in a savings account or otherwise as provided in Sections 2109.41 and 2109.42, Revised Code.   It is our understanding of the law that claims of this kind must stand on the facts in each case.   From an examination of the transcript of

the docket and journal entries of the Probate Court, we think it properly disposed of both of these claims against the executor. Furthermore, any evidence to the contrary is not before this court for lack of a bill of exceptions.

In case No. 216, objection is made that the court erred in modifying one of its previous orders, after term. This modification resulted after the executor found checks which had been misplaced showing payment of funeral expenses which he had paid out of his own pocket. In 32 Ohio Jurisprudence 2d 368, Judgments, Section 694, we find this language: "Also, the power given to a Probate Court to vacate or modify its judgments is not limited to the grounds set forth by Revised Code Section 2325.01, * * * but includes equitable grounds as well."

Again, under the same chapter on vacation and modification of judgments, we find this language (32 Ohio Jurisprudence 2d 232, Section 534): "It is said that the right of vacation of judgments after term will be recognized in all cases where the right existed at common law or in equity."

By special statute, the right of the Probate Court to modify its judgments is cumulative. It is admitted that no fraud was perpetrated or undue advantage obtained by the executor. All that was accomplished was that through its equity powers the Probate Court modified its prior judgment to conform to the schedule of claims as originally filed, thereby enabling the executor to be reimbursed for expenses which he paid out of his own pocket.

In the case of *In re Estate of Gray*, 162 Ohio St. 384, paragraph one of the syllabus reads:

"Under * * * (Section 2101.33, Revised Code), the Probate Court has the same power at law and in equity to vacate or modify its orders and judgments *after term* as the Court of Common Pleas, and such power is *not limited* to the statutory grounds enumerated in * * * (Section 2325.01, Revised Code), but includes equitable grounds as well." (Emphasis supplied.)

Accordingly, the judgment of the Probate Court of Clinton County, Ohio, is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., concurs.